Marcus G. Christ, J.
This is a suit by the plaintiff to reform a mortgage and to foreclose it for nonpayment. There is a third-party action by the defendant, Sadie Klein Kellerman, against two of the defendants, Edgar A. P. Kellerman and Leo Kellerman, which will be referred to later. Morris Keller-man and the plaintiff were divorced in June of 1943. Morris Kellerman became obligated to pay to the plaintiff alimony in the sum of $60 per week and to pay, as they became due, the premiums on a life insurance policy issued by the Metropolitan Life Insurance Company issued upon Morris Kellerman’s life in the sum of $11,241 of which the plaintiff was the irrevocable beneficiary. Morris Kellerman thereafter married the defendant Sadie Kellerman in 1944. During the summer of 1952 Morris Kellerman needed money and sought to borrow $3,122 from the Marine Midland Trust Company of New York. As security he proposed to pledge his life insurance policy but he could not do this without the consent of the beneficiary. The plaintiff declined to participate in the making of the loan unless she was secured against the loss of any of the moneys which might come due to her under the policy. Under these circumstances the mortgage sought to be foreclosed was executed and delivered to the plaintiff. The mortgage is dated July 28, 1952, was made payable to the plaintiff and covered property in the city of Long Beach in this county, more particularly described in the complaint which Morris Kellerman then owned. The mortgage contained the following clause:
“ The Mortgagor has obtained a loan from the Marine Midland Trust Company of New York in the sum of Three Thousand One Hundred and Twenty-two ($3,122.00) Dollars and to be repaid within six (6) years, and as collateral security for said *490 loan has pledged therefor an insurance policy with the Metropolitan Life Insurance Company bearing policy No. 8328591 wherein the Mortgagee is the beneficiary and which insurance policy is in the sum of Eleven Thousand two hundred and forty-one ($11,241.00) Dollars.
“ The Mortgagee, the beneficiary therein, has duly executed her consent to the making of the said loan and the pledging of said insurance policy thereon and this mortgage is therefore given only for the purpose of securing the repayment of the monies due by the Mortgagor to the said Marine Midland Trust Company of New York or any balance due thereon.
" In the event that the amount of said loan with interest thereon is fully repaid by the Mortgagor to the said Marine Midland Trust Company of New York, then, and in that event, this mortgage shall be null and void and the Mortgagee shall within five (5) days after written notice that said loan has been repaid execute and deliver to the Mortgagor a satisfaction of this mortgage ’ ’.
Upon the delivery of the mortgage the plaintiff executed a note to the Marine Midland Trust Company in the sum of $3,122. This notice had a broad guarantee- and indorsement on the reverse thereof by Morris Kellerman. The check for the proceeds of the note was payable to the plaintiff and she endorsed it to Morris Kellerman. It bears his indorsement as well. On September 4, 1954 Morris Kellerman died. At the time of Kellerman’s death no part of the note had been paid. It was ultimately paid by the Metropolitan Life Insurance Company out of the proceeds of the policy. Therefore, the amount of money paid to plaintiff, Florence Kellerman, under the policy, was reduced by the amount of the obligation to the bank. The plaintiff now seeks, upon the security of the mortgage, to recover the money which was deducted from her insurance payment to pay the bank loan.
The defendants claim that the provision in the mortgage quoted above makes the mortgage null and void under these circumstances. The plaintiff, if that be so, seeks to reform the mortgage so as to permit the plaintiff to get back out of the property a sum equal to that paid to the bank. A reading of the clause of the mortgage when taken in the light of the circumstances under which it was given supports the plaintiff’s contention. Florence Kellerman was under no obligation to consent to the loan. She did it only upon condition that she would be secured against loss by reason of her willingness to help the decedent. It is claimed that the mortgage was for *491 six years and is not yet due. The six years would have limited the length of time of the note maturity but was not intended to extend the mortgage beyond the note. Since the note matured earlier, so did the mortgage. It is urged further that the mortgage was given to secure the bank and not the plaintiff. If this were true then the mortgage would have been made to the bank and not to the plaintiff. And last it is claimed that since the loan was repaid out of the insurance policy it became null and void. This is a forced construction. The clause says that in the event that the amount of the loan was fully repaid by the mortgagor, then the mortgage should be null and void. The mortgagor died before the loan was paid and he did not pay it. It was paid out of the proceeds of an insurance policy in which the plaintiff had an irrevocable and indisputable right to the entire sum due. Had she chosen not to consent to the pledge of the policy, her interest in the insurance policy would have been in no wise impaired. The loan was not paid by the mortgagor but was paid out of the proceeds of the plaintiff’s money and she is entitled to enforce the mortgage in its terms. No reformation of the mortgage is required for a construction of the mortgage in the light of the facts and circumstances which are elements of this case indicate that the plaintiff is to have judgment. The plaintiff is entitled to judgment as prayed for in the complaint and the matter will be referred to a referee to compute and upon the coming in of said referee’s report plaintiff will have judgment of foreclosure and sale as of course.
The third-party action by Sadie Klein Kellerman, the second wife and widow of Morris Kellerman, against Edgar A. P. Kellerman and Leo Kellerman, sons of the decedent and of the plaintiff is now considered. The gravamen of this cause of action is that Sadie Kellerman advanced some $6,000 to Morris Kellerman out of her own moneys so that he would not be in default in his alimony payments; that at a discussion held on December 27,1954 concerning Sadie’s claim for a repayment of this money as well as the claims of Leo Kellerman against the estate for funeral expenses and arising from two notes, Sadie Kellerman agreed to forego her claim. She acknowledged the indebtedness to Leo for the funeral bills; Leo waived a $700 claim and Sadie agreed to recognize a $1,500 note. Leo and Edgar simultaneously agreed to execute a quitclaim deed to the property which is the subject of the mortgage in suit. This conference was attended by two of Sadie Keller-man’s brothers, one of whom is a lawyer, and the writing signed *492 "by Sadie Kellerman and Leo Kellerman for himself and his brother Edgar, was written by the brother who is not a lawyer. Sadie Kellerman now seeks to establish that at the time of the conference Leo Kellerman represented that there would he no claim made for payment under the mortgage and that this was an essential part of the stipulations of settlement wherein Sadie waived her $6,000 claim. This claim of misrepresentation is not supported by the evidence. Leo Kellerman denies that he made any such representation and the written agreement which went into detail about the problems which were being settled said not a word about the mortgage. It talked of the remainder interest in the property being conveyed by the two sons of Florence, but it made no mention of Florence’s claim under the mortgage. Had this been discussed and were it considered an essential element of the settlement it would most certainly have been set down in writing. Over and above this, even if the claim had not been disposed of under the settlement agreement of December 27, the claim itself is weak. No cause of action was proved under it. Judgment upon the third-party complaint of Sadie Kellerman against Leo Keller-man and Edgar Kellerman is rendered for the defendants. This constitutes the decision of the court pursuant to section 440 of the Civil Practice Act.
Settle order on notice.